UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THOMAS L. SMITH,<br>    Petitioner, | Case No. 1:15-cv-333 |
| vs. | Beckwith, J.<br>Bowman, M.J. |
| SHERIFF, HAMILTON COUNTY<br>JUSTICE CENTER,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Hamilton County Justice Center (HCJC) in Cincinnati, Ohio, at the time the instant action commenced, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (*See* Doc. 1).  This matter is before the Court on the petition and respondent's return of writ.  (Docs. 1, 7).[1]

**I.  PROCEDURAL BACKGROUND**

    **State Proceedings:  Hamilton County Criminal Case Nos. B-1305689 & B-1401000**

It appears from the present record that on September 19, 2013, a criminal complaint was filed in the Hamilton County, Ohio, Municipal Court charging petitioner with a felony drug trafficking offense committed on September 16, 2013.  (*See* Doc. 6, at PAGEID#: 82-84).  A warrant for petitioner's arrest issued at that time.  (*See id.*, at PAGEID#: 85-86).  On September 21, 2013, petitioner was arrested and taken into custody in Dallas, Texas on the criminal charge.  (*See id.*, at PAGEID#: 148).  It appears from the record that on September 24, 2013, petitioner was presented with and refused to sign a form "waiv[ing] the issuance and service of a Governor's Warrant of Arrest and any other procedure incidental to extradition proceedings, and

---

[1] Respondent has also separately filed portions of the underlying state-court records.  (*See* Doc. 6).

consent[ing] to return voluntarily and without formality with any officer from the State of Ohio." (*See id.*, at PAGEID#: 114).

One day later, on September 25, 2013, the Hamilton County grand jury returned an eight-count indictment against the petitioner and two other co-defendants, which was filed with the Hamilton County Court of Common Pleas in Case No. B-1305689. (*See id.*, at PAGEID#: 64-70, 148). Specifically, petitioner was charged with two counts of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A) with a "Major Drug Offender" specification (Counts 5 and 7); and one count of conspiracy involving felony drug trafficking in violation of Ohio Rev. Code § 2923.01(A)(2) (Count 6). (*Id.*, at PAGEID#: 67-69). On the same date, proceedings were initiated "to facilitate the extradition of [petitioner] from . . . Texas to Hamilton County" due to petitioner's refusal to sign the waiver of extradition proceedings. (*See id.*, at PAGEID#: 79, 148).

It appears from the record that in October 2013, petitioner was presented a second time in Texas with a waiver of extradition form, which he refused to sign. (*See id.*, at PAGEID#: 115). Thereafter, on or about November 7, 2013, the Texas governor issued a warrant for petitioner's extradition to Ohio. (*See id.*, at PAGEID#: 76, 149). Petitioner and respondent have stipulated that the assistant district attorney in Dallas, where petitioner was being held in custody, was unable to "confirm that a hearing was held" wherein petitioner "was informed of the demand made for extradition, the crime with which he was charged, the right to demand and procure legal counsel, or given the opportunity to file a writ of habeas corpus." (*Id.*, at PAGEID#: 149). Therefore, respondent has further stipulated that petitioner "did not waive extradition in Texas" and that "[t]he Texas statutory requirements that should have taken place prior to the extradition of a prisoner from the State of Texas to the State of Ohio were not properly followed in this

2

case." (*Id.*). Nevertheless, on or about November 19, 2013, petitioner was transported from Texas to the HCJC, where he has remained in confinement until at least September 24, 2015 (the date the last pleading was filed in this action). (*See id.*, at PAGEID#: 148; *see also* Doc. 7).

On March 13, 2014, approximately four months after petitioner was conveyed to Ohio's custody, a second indictment stemming from the September 16, 2013 incident was returned against him and filed with the Hamilton County Court of Common Pleas in Case No. B-1401000. (*See* Doc. 6, at PAGEID#: 73-75). In that indictment, petitioner was charged with one count of trafficking in cocaine in violation of Ohio Rev. Code 2925.03(A) and one count of possession of cocaine in violation of Ohio Rev. Code 2925.11(A); a "Major Drug Offender" specification was attached to each count. (*See id.*). The Amended Bill of Particulars filed by the State in that case provided in pertinent part:

> Willie Calhoun and Michael Anderson received 5 packages containing over 994.5 grams of cocaine from the defendant and another individual on September 15th 2013 at a residence in Texas. The codefendants traveled from Texas to Hamilton County where they were arrested. The defendant offered to sell over a kilogram more of cocaine on September 16th 2013 during recorded phone calls.

(*See* Doc. 1, Appendix B, at PAGEID#: 24).

On April 7, 2014, petitioner filed, with the assistance of his counsel in the two criminal cases, a pretrial petition for writ of habeas corpus in the Hamilton County Common Pleas Court. In the petition, which was filed as a separate case (No. A-1402010), petitioner requested his "immediate release and/or return[] to the State of Texas" on the ground that his extradition failed to comply with Texas statutory requirements and the Uniform Criminal Extradition Act and violated his right to due process. (*See* Doc. 6, at PAGEID#: 52-57). In response to the petition, respondent filed a motion to dismiss, arguing that (1) under Ohio Supreme Court precedents, a "claim of illegal extradition does not state a claim in habeas corpus"; and (2) in any event,

3

habeas corpus relief was not available because petitioner had "an adequate remedy in the ordinary course of law" by way of a direct appeal. (*See id.*, at PAGEID#: 143-45). In a letter dated June 13, 2014 and filed June 23, 2014, a common pleas court judge denied the petition for habeas relief, reasoning in pertinent part as follows:

> There is no question that the extradition procedures were not followed in this case. There is no question that the defendant and/or his agents did not check to verify whether the extradition was being properly done. The effect of all of this is that the plaintiff neither waived his extradition to Ohio [n]or had a hearing.
>
> The case law supplied to me by the Prosecutor suggests that even on these facts the remedy is that the plaintiff may be able to sue the Sheriff and Hamilton County but is not entitled to be released.

(*See* Doc. 1, Appendix A, at PAGEID#: 12). On July 7, 2014, the judge also issued an entry denying the habeas petition without opinion. (*Id.*, at PAGEID#: 13).

Petitioner concedes that he did not pursue an appeal from the denial of his habeas petition in Case No. A-1402010. (*See id.*, at PAGEID#: 2). Upon review of the Hamilton County Clerk of Courts' on-line docket records for the two criminal cases (Case Nos. B-1305689 and B-1401000),[2] it appears that on June 2, 2014, petitioner's counsel also filed motions to dismiss the criminal charges based on the same arguments that were presented in petitioner's state habeas petition. (*See also id.*, at PAGEID#: 6, 10). According to petitioner, his attorney advised him that because he had filed the motions to dismiss, the courts would not appoint him a lawyer to pursue an appeal from the denial of his habeas petition. (*Id.*, at PAGEID#: 3, 10).

On July 25, 2014, the trial court denied petitioner's motions to dismiss the charges pending against petitioner in Case Nos. B-1305689 and B-1401000. In so ruling, the court

---

[2] The docket reports were obtained from the following website links:
https://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B1305689-C, and
https://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B1401000.

4

reasoned in pertinent part:[3]

> Existing precedent from the Supreme Court of Ohio and the United States Supreme Court says that the violation of Defendant's rights asserted here does not bar the State from trying the Defendant. That law has not changed since 1887. The Court is bound by that precedent. Both *Ker v. Illinois*[, 119 U.S. 436 (1886),] and *Frisbie v. Collins*[, 342 U.S. 519 (1952)], contained facts that did apparently involve a violation of law by law enforcement officers of the States involved in those proceedings wherein the officers went to another state and forcibly abducted the defendant and brought him to that jurisdiction for trial. The Supreme Court upheld the results in those criminal trials over the objection of that illegal act tainting them.
>
> Overall, due process has broadened in the last 100 years; however, it is not for this Court to change the policy behind *Ker* and *Frisbie*. Therefore, the Court finds that no officer of the State of Ohio violated any law. The Ohio officers have a right to rely upon the procedures set forth in the Governor's warrant in the State of Texas, having been completed before the officer in the State of Texas turned the Defendant over to the State of Ohio. The Ohio officers did not have an obligation to review that and there is nothing in the record that indicates they had any knowledge or a reckless disregard for the truth as to whether those proceedings had been followed in Texas. The Ohio officers have a right, as does this Court, to ordinarily rely on other States following their own procedures. The stipulation entered into by the parties indicates that Texas perhaps did not follow their own procedures in this case. That was unknown by the officers at the time they brought the Defendant to Ohio.
>
> The Court finds that Fourth Amendment warrant law indicates that where officers have acted in good faith reliance upon a warrant, their acts do not require dismissal of an action.

Thereafter, on February 24, 2015, petitioner's counsel filed a pretrial motion supplementing a prior motion to suppress in Case No. B-1305689, in which it was argued that the "affidavits/complaints used to obtain the arrest warrants issued by the Hamilton County Municipal Court contained material and factually incorrect statements." (*See id.*, Appendix B, at PAGEID#: 26-27). The undersigned is unable to ascertain from the present record or the Hamilton County Clerk of Courts' on-line docket records whether or when that motion was ruled

---

[3] Because the trial court's entries denying the motions to dismiss are not in the present record provided to this Court, they were obtained from the Hamilton County Clerk of Courts' on-line docket records for Case Nos. B-1305689-C and B-1401000.

on by the trial court. On March 2, 2015, petitioner's counsel also filed renewed motions to dismiss the indictments against petitioner in Case Nos. B-1305689 and B-1401000 and continued his "objection to proceeding to trial due to the violation of [petitioner's] constitutional rights that occurred as a result of his unlawful extradition to the State of Ohio." (*Id.*, at PAGEID#: 38-40). Those motions were denied in entries filed March 3, 2015, and the matter proceeded to trial before a jury, which was unable to reach a verdict in the two cases. (*See id.*, Appendix C, at PAGEID#: 34-35). In entries filed March 18, 2015, the jury was discharged and the cause continued for a new trial date. (*Id.*).

It appears from the Hamilton County Clerk of Courts' on-line docket records that on October 15, 2015, petitioner entered a guilty plea in Case No. B-1305689 to the conspiracy charge contained in Count 6 in exchange for the dismissal of the remaining charges and specifications lodged against him in that indictment and in the indictment filed in Case No. B-1401000. In entries filed the same date, petitioner was sentenced in Case No. B-1305689 to a three-year prison term with credit for 747 days of time served, and the indictment in Case No. B-1401000 was dismissed. It does not appear that petitioner has pursued an appeal from his conviction or sentence in Case No. B-1305689.

## Federal Habeas Corpus Petition

The instant federal habeas corpus action commenced in May 2015, after the first trial resulted in a hung jury and before petitioner entered his guilty plea in Case No. B-1305689 and the indictment in Case No. B-1401000 was dismissed. (*See* Doc. 1). In his *pro se* petition, petitioner asserts the following grounds for relief:

> **Ground One:** The petitioner . . . is currently incarcerated and is being deprived of his liberty in Hamilton County Justice Center. . . . Petitioner is being restrained of his liberty by the Hamilton County Sheriff. . . .

6

>**Supporting Facts:**  Applicant had no opportunity to demand and procure legal counsel or test the legality of his arrest.  Undersigned counsel and the Dallas County District Attorney's Office, Hamilton County Court of Common Pleas all agree that there is no evidence that [the petitioner] was ever taken before a judge for any kind of appearance or hearing following his arrest.
>
>**Ground Two:**  The aff[i]davits/complaints used to obtain arrest warrants issued by the Hamilton County Municipal Court and the Gove[r]nor of Ohio and Texas was factually incorrect statements submitted.  [sic]
>
>**Ground Three:**  The State of Ohio proceeded to trial on these charges without jurisdiction to try me and having been to trial and verdict being a hung jury refusing to dismiss charges.  And booking me in under marijuana charges.[4]

(*Id.*, at PAGEID#: 6-7).

In the return of writ filed in response to the petition, respondent essentially contends that the grounds for relief set forth in the petition do not warrant federal habeas relief.  (Doc. 7).

## II.  OPINION

In this case, petitioner filed the instant habeas petition under 28 U.S.C. § 2241 while the challenged state criminal trial proceedings were still ongoing.  Although a prisoner may file a pretrial petition under § 2241, *see, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981), it is also well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971).  Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity.  *Atkins,* 644 F.2d at 546.  Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances.  *Braden,* 410

---

[4] As support for his claim in Ground Three of the petition, petitioner submitted a print-out from the Hamilton County Sheriff's Office, which provided information about petitioner and contained references to both "Trafficking In Marijuana" (in the "Description" section of the print-out) and cocaine trafficking and possession (in the "Comments" section of the print-out).  (*See* Doc. 1, Appendix C, at PAGEID#: 41).

7

U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to justify federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

Here, upon review of the present record and the Hamilton County Clerk of Courts' on-line docket records for Case Nos. B-1305689 and B-1401000, the undersigned concludes that petitioner did not face great and immediate irreparable injury that would have justified federal intervention into the ongoing state criminal trial proceedings or prior to petitioner's exhaustion of state appeal remedies after the trial court's entry of final judgment in those cases. The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Mattice v. Hamilton Cnty. Court of Common Pleas,* No. 1:15cv768, 2016 WL 879998 (S.D. Ohio Mar. 8, 2016) (Beckwith, J.), *adopting*, 2016 WL 908468, at *2 (S.D. Ohio Feb. 11, 2016) (Litkovitz, M.J.) (Report & Recommendation); *Cunningham v. Hamilton Cnty. Sheriff*, No. 1:14cv377, 2014 WL 4639194, at *1, *2 (S.D. Ohio Sept. 16, 2014) (Black, J.; Bowman, M.J.); *see also Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.). None of those exceptions apply here.

8

In any event, upon review of the Hamilton County Clerk of Courts' on-line docket records in the challenged criminal cases, it appears that on October 15, 2015, Case No. B-1401000 was dismissed and petitioner was convicted upon entry of a guilty plea to the conspiracy charge in Case No. No. B-1305689 to a three-year prison term with credit for 747 days of time served. Therefore, even if petitioner had sought in this action to ensure enforcement of a right that warranted intrusion in the then-pending state criminal proceedings, any such claim for relief has been rendered moot.

Furthermore, at this juncture, petitioner's claims for relief are unexhausted. A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the

9

petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). The exhaustion issue may be raised *sua sponte* by the Court in the absence of the State's express waiver of the defense. *See, e.g., Clinkscale v. Carter*, 375 F.3d 430, 436-37 (6th Cir. 2004); *Eakes v. Sexton*, 592 F. App'x 422, 430-31 (6th Cir. 2014); *see also Smith v. Saxton*, No. 1:16cv606, 2016 WL 3625510, at *1 (W.D. Mich. July 7, 2016) (citing *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970)) ("The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.").

In this case, petitioner has not exhausted any of his grounds for relief because he has never invoked one complete round of the State's established appellate review process. It also appears that although petitioner has thus failed to fairly present his claims through the requisite levels of state appellate review, he still has an avenue open to him in the state courts by which he may present his claims. Specifically, although the thirty-day period for filing a timely appeal under Ohio R. App. P. 4 to the Ohio Court of Appeals has expired, petitioner may pursue the remedy of a delayed appeal under Ohio R. App. P. 5 to the Ohio Court of Appeals, First Appellate District, from the final judgment of conviction and sentence that was entered on October 15, 2015 in Case No. B-1305689. *Cf. Keeley v. Warden, Belmont Corr. Inst.*, No. 2:15cv972, 2016 WL 1642965, at *5 (S.D. Ohio Apr. 26, 2016) ("In Ohio, th[e] exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court."); *Hamilton v. Warden, Chillicothe Corr. Inst.*, No. 1:12cv124, 2013 WL 3050683, at *4, *6 (S.D. Ohio June 17, 2013) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein) (recommending dismissal of the habeas petition because the petitioner

had failed to exhaust the available remedy of a delayed appeal to the Ohio Court of Appeals), *adopted*, 2013 WL 3467142 (S.D. Ohio July 10, 2013) (Beckwith, J.). The delayed appeal remedy provides an opportunity for petitioner to fairly present his claims to the state's highest court, because if the Ohio Court of Appeals refuses to grant a delayed appeal or otherwise renders a decision adverse to petitioner, he may pursue a further appeal to the Ohio Supreme Court in accordance with the Rules of Practice of the Supreme Court of Ohio. *Cf. Harris v. Warden, Madison Corr. Inst.*, No. 1:11cv414, 2012 WL 1552757, at *4 (S.D. Ohio Apr. 30, 2012) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2012 WL 1902435 (S.D. Ohio May 25, 2012) (Barrett, J.).

Accordingly, in sum, the undersigned concludes that the instant habeas petition filed pursuant to 28 U.S.C. § 2241, when Case Nos. B-1305689 and B-1401000 were still pending before the Hamilton County Common Pleas Court, should be dismissed. Federal intervention into the ongoing state criminal trial proceedings was not justified in this case. In any event, even assuming that petitioner had sought in this action to ensure enforcement of a right that warranted intrusion in the then-pending state criminal proceedings, any such claim for relief was rendered moot on October 15, 2015, when petitioner was convicted and sentenced upon entry of his guilty plea to the conspiracy charge in Case No. B-1305689 and the indictment in Case No. B-1401000 was dismissed.

At this juncture, the petition is subject to dismissal without prejudice because petitioner failed to exhaust his claims for relief in the state courts before filing the instant application for federal habeas relief and still has the remedy of a delayed appeal to the Ohio Court of Appeals to pursue in the state courts. A stay of the case while petitioner exhausts his claims in the state courts is not warranted here because dismissal of the petition will not trigger any concerns about

a potential statute-of-limitations bar to review of a future federal habeas petition.[5] *Cf. Pruitt, supra*, 2010 WL 2607246, at *3 & n.2. The undersigned recognizes that the one-year statute of limitations governing petitioner's claims arguably began to run under 28 U.S.C. § 2244(d)(1)(A) on November 17, 2015, one day after the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's final judgment entry in Case No. B-1305689.[6] Moreover, the running of the statute has not been tolled under 28 U.S.C. § 2244(d)(2) during the pendency of the instant federal habeas action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, if the Ohio Court of Appeals *grants* petitioner's delayed appeal motion, the statute of limitations set forth in § 2244(d)(1)(A) will restart and not be triggered to begin to run until after petitioner's conviction is rendered "final" by the conclusion of direct review as allowed in that proceeding. *See Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009) (holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)"). In any event, there is still four months remaining in the limitations period before the statute is due to expire in November 2016. Even if petitioner is denied a delayed appeal, as long as he immediately pursues the available remedy of a delayed appeal motion to the Ohio Court of Appeals and timely appeals any adverse

---

[5]The "stay-and-abeyance" approach, which applies to "mixed" federal habeas petitions containing both exhausted and unexhausted claims for relief, was adopted by the Sixth Circuit to ensure that federal habeas review would not be precluded on statute of limitations grounds for the class of state prisoners "whose timely filed habeas petitions remain pending in district court past the [one-year] limitations period [set forth in 28 U.S.C. § 2244(d)], only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," *Duncan v. Walker*, 533 U.S. 167, 184 (2001) (Stevens, J., concurring). *See, e.g., Palmer v. Carlton,* 276 F.3d 777 (6th Cir. 2002). The discretion to issue stays in habeas cases is circumscribed. *See Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). In cases such as this, the interest that the "stay-and-abeyance" approach was designed to protect is not implicated. *Cf. Mingo v. Michigan,* No. 1:06cv24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (holding a stay was not warranted in case where the petitioner had more than a year remaining in the limitations period to refile the petition after exhausting state remedies).

[6] The 30-day appeal period actually expired on November 14, 2015, which fell on a Saturday. Therefore, it is presumed that the period was extended to include the next business day of Monday, November 16, 2015.

ruling by the Ohio Court of Appeals to the Ohio Supreme Court, the statute of limitations will be tolled during the entire time those matters are pending before the Ohio courts. *See Board v. Bradshaw,* 805 F.3d 769, 771-76 (6th Cir. 2015) (reaffirming prior precedents—*see, e.g., DiCenzi v. Rose*, 452 F.3d 465, 468-69 (6th Cir. 2006); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001); *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014); *Applegarth v. Warden, N. Cen. Corr. Inst.*, 377 F. App'x 448, 449 (6th Cir. 2010)—in holding that a motion for delayed appeal to the Ohio Court of Appeals, even if "ultimately unsuccessful," is a "properly filed" motion under Ohio R. App. P. 5 for state collateral relief that serves to toll the limitations period under § 2244(d)(2)). Therefore, as long as petitioner refiles a federal habeas petition in a timely manner, within the remaining time left in the limitations period after exhausting his state court remedies, the subsequent petition will not be time-barred.

Accordingly, for the reasons stated herein, it is **RECOMMENDED** that the petition be dismissed without prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice to refiling after petitioner has exhausted the available remedy of a delayed appeal to the Ohio Court of Appeals from the trial court's October 15, 2015 judgment entry of conviction and sentence in Case No. B-1305689.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order

adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                                s/Stephanie K. Bowman
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS L. SMITH,
    Petitioner,

vs.

SHERIFF, HAMILTON COUNTY
JUSTICE CENTER,
    Respondent.

Case No. 1:15-cv-333

Beckwith, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc